```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
PATRICIA E. CAGGIANO and JOHN CAGGIANO,   :
                                          :   05 Civ. 4159 (JSR)
                Plaintiffs,               :
                                          :   OPINION AND ORDER
        -v-                               :
                                          :
PFIZER INC. and PARKE-DAVIS, a Division   :
of WARNER-LAMBERT COMPANY,                :
                                          :
                Defendants.               :
------------------------------------------X
```

JED S. RAKOFF, U.S.D.J.

The Court earlier consolidated under this caption and docket number 46 cases removed from New York state court that pleaded state-law claims based on allegations that defendants caused the drug Neurontin to be used for unsafe purposes and misled doctors and patients as to Neurontin's safety and efficacy. See Amended Order, 7/26/05. Before the Court now is plaintiffs' motion to remand these cases to state court.

The complaints in the 46 cases at issue are essentially identical. For convenience, reference will be made to the complaint in the lead case, Caggiano v. Pfizer, 05 Civ. 4159. That complaint alleges eight substantive claims, all rooted in state law.[1] The first three counts allege, in essence, that defendants marketed the drug Neurontin for "off-label" uses (i.e., uses for which it had not been approved by the Food and

---

[1] A ninth cause of action in Caggiano, for loss of services, is not a separate theory of liability but simply seeks damages on behalf of Patricia Caggiano's husband.

Drug Administration) for which it was not reasonably safe or effective.  See Complaint ¶¶ 136-179.  The other five counts, for breach of express and implied warranty, violation of the New York Consumer Protection Act, see N.Y. Gen. Bus. L. §§ 349-50, and common-law fraud, allege that defendants, rather than disclosing to the public this lack of safety and efficacy, misled doctors and patients as to the same.  See id. ¶¶ 180-238.

Although these are all classic state-law claims, the complaint is also peppered with allegations that the defendants violated various federal statutes and regulations.  For example, the complaint alleges that defendants deliberately failed to seek required FDA approval for many uses, see id. ¶¶ 16-47, 63, gave illegal kickbacks and other financial incentives to physicians who prescribed Neurontin for off-label uses, see id. ¶¶ 48, 52-53, 57, 126-133, and induced third parties to promote Neurontin for off-label uses to evade federal law that prevents the manufacturer itself from doing so, see id. ¶¶ 63-74.  The complaint further alleges that such conduct resulted in the defendants being found in violation of federal law by the Department of Health and Human Services, see id. ¶¶ 120-122, and being sued in a federal qui tam action by a former employee turned whistleblower, see id. ¶ 60; see also United States ex rel. Franklin v. Parke-Davis, 2003 U.S. Dist. LEXIS 15754 (D. Mass. 2003).

These contextual allegations, however, are not enough to confer federal question jurisdiction. Where no federal claim has been pleaded, a case only "arises under" federal law if a plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983). Here, the factual allegations set forth in the complaint state claims under New York law regardless of whether any federal law has been violated. Put another way, a jury could find defendants liable on each and every one of the eight claims without being required to determine whether any federal law had been violated. That the facts alleged also may constitute violations of federal law (for which recovery is being sought in federal court) is neither here nor there. Compare D'Alessio v. N.Y. Stock Exch., 258 F.3d 93, 103-04 (2d Cir. 2001) (finding federal question jurisdiction where claims "necessarily require[d]" a court to construe federal law and where the duties alleged to have been breached did not exist independent of federal law).

In a related case, this Court needed to go no further before remanding, because the plaintiff expressly disclaimed any intent to seek a jury instruction that would allow recovery based solely on a finding that defendants violated federal law. See Young v. Pfizer Inc., 2004 U.S. Dist. LEXIS 25964 (S.D.N.Y. 2004). By

3

contrast, plaintiffs here have expressed an intent to seek a determination that certain federal law violations constitute negligence <u>per se</u> under state law, <u>see</u> Complaint ¶ 147, meaning that a state court may be asked to consider whether federal law was violated. However, absent special circumstances,[2] there is no federal question jurisdiction over garden-variety state-law claims "resting on federal mislabeling and other statutory violations." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 125 S. Ct. 2363, 2370 (2005). The duties alleged to have been breached here are not creatures of federal law, as in <u>D'Alessio</u>; rather, federal standards merely inform the content of classically state-law duties such as avoiding negligence and fraud. <u>Cf.</u> <u>Donovan v. Rothman</u>, 106 F. Supp. 2d 513, 517-18 (S.D.N.Y. 2000). Moreover, none of the claims here depend on the borrowing of federal law; rather, violation of federal law is simply one of multiple theories on which plaintiff may possibly prevail. <u>See</u> <u>Broder v. Cablevision Sys. Corp.</u>, 2005 U.S. App. LEXIS 16811, at *12 (2d Cir. Aug. 11, 2005) ("Where a federal

---

[2] Defendants argue that this is a special circumstance because the federal Food, Drug, and Cosmetic Act ("FDCA") requires uniformity in interpretation, an argument that has some force with respect to other statutory schemes. <u>See</u> <u>Grable</u>, 125 S. Ct. at 2368 (meaning of federal tax law "sensibly belongs in a federal court"); <u>Fraylor v. N.Y. Stock Exch.</u>, 118 F. Supp. 2d 448, 450 (S.D.N.Y. 2000) (interpretation of securities law is "a matter of intense federal concern"). However, with respect to the standards created by the FDCA, this argument was specifically rejected by the Supreme Court in <u>Merrell Dow Pharms. Inc. v. Thompson</u>, 478 U.S. 804, 815-16 (1986).

4

issue is present as only one of multiple theories that could support a particular claim... this is insufficient to create federal jurisdiction."). Accordingly, there is no federal question jurisdiction over these claims.

Having made this finding, the Court must reach the question of whether to retain the 15 of the 46 cases for which, the parties agree, there is diversity jurisdiction. It is undisputed that defendants could not have properly removed these cases on that basis, since at least one defendant is a citizen of New York. See 28 U.S.C. § 1441(b). However, while a federal court must remand a case to state court if it finds at any time that it lacks subject matter jurisdiction, a motion to remand on any other basis must be made "within 30 days after the filing of the notice of removal," or else it is waived. See 28 U.S.C. § 1447(c). All fifteen cases were removed more than 30 days before plaintiffs moved to remand on July 21, 2005. If defendants had removed these 15 cases on the basis of diversity jurisdiction, plaintiffs thus would have no recourse, notwithstanding the impropriety of such removal. Shapiro v. Logistec USA Inc., 412 F.3d 307, ___, 2005 U.S. App. LEXIS 11769, at *18-*19 (2d Cir. June 20, 2005).

But this case is somewhat different, since defendants did not remove on the basis of diversity but rather solely on the basis of purported federal question jurisdiction. Plaintiffs had

no reason or opportunity to challenge the propriety of asserting diversity jurisdiction until defendants were asked by the Court, on a July 20 telephonic conference, whether any cases had an alternative jurisdictional basis in diversity; at that point, plaintiffs immediately raised the impropriety of removal on such a basis.

Neither party has pointed the Court to any relevant precedent. Nonetheless, it seems clear, as a matter of basic equitable principles, that plaintiffs cannot waive their right to challenge a basis for removal without having an opportunity to assert it. Moreover, while there is no reason to doubt the good faith of these defendants in removing on federal question grounds, to allow suits to go forward under diversity jurisdiction where they could not have been removed on that basis and where plaintiffs had no opportunity to challenge such removal is to sanction a "bait-and-switch" tactic that, in addition to being unfair, would undermine the home-state-defendant exception to diversity removal. The Court therefore holds that the 30-day clock for challenging removal on diversity grounds began running not when the case was removed on another basis but when plaintiffs were made aware of the alternative basis for removal; by this measure, plaintiffs interposed their objection well within the allotted time.

Finally, plaintiffs' motion to recover attorney's fees and costs "incurred as a result of the removal," see 28 U.S.C. § 1447(c), is denied. While bad faith removal by a defendant is not a precondition to a plaintiff's recovery under this section, see Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992), the absence of bad faith, as well as the existence of a colorable question as to whether removal is proper, weighs against the award of costs and fees. See, e.g., United Mutual Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002). Although the defendants' contention that there is federal question jurisdiction here did not prevail, it was far from a frivolous argument.

Accordingly, plaintiffs' motion to remand is granted in full. The Clerk of the Court is directed to return the 46 cases consolidated under this caption and docket number to the Supreme Court of the State of New York, County of New York. Plaintiffs' motion for costs and fees associated with this motion is denied.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         August 26, 2005